UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. McKELROY, et al.,<br><br>　　　　Defendants. | No. C 15-2013 MEJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Doc. No. 4 |

## INTRODUCTION

Tuanja Edward Anderson, a California state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, and the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA").[1]  His complaint is now before the Court for review under 28 U.S.C. § 1915A.  He is granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.　Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28

---

[1] Concurrent with his complaint, plaintiff consented to magistrate jurisdiction in this matter.

U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

## B.   Legal Claims

The complaint fails to state a claim upon which relief may be granted. In the portion of the form complaint where a plaintiff is instructed to provide a statement of his claim, Anderson writes the following:

> On December 15, 2014, I filed an ADA appeal requesting my eyeglasses and assistance cleaning my cell. I am visually impaired. On December 6, 2014 (yes, December 6) the First level appeal was partially granted by CCII K. McKelroy and ADA Warden V.J. Solis. On 12-17-14, the Sergeant D.L. Williams came to the door, looked in the cell and walked away. The cell was never cleaned. I received the First level review on January 18, 2015. I resubmitted the Second level appeal. I asked for my cell to be cleaned and $25,000 for being discriminated against pursuant to ADA laws. On Jan. 21, 2015 Chief Deputy Warden S. Hatton partially granted the appeal, but my cell was never cleaned. The third level affirmed the Second level.

Compl. at 3.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The complaint does not allege a

2

claim under 42 U.S.C. § 1983.

Title II of the ADA, 42 U.S.C.§ 12101 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  Although Section 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."  28 C.F.R. § 35.130(b)(7).  The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability.  Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997).

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C § 12102(1).  The impairment must be one that "prevents or severely restricts [the plaintiff] from doing activities that are of central importance to most people's daily lives."  Cf. Albertson's Inc. v. Kirkinburg, 527 U.S. 555, 567 (1999) (holding monocular vision is not invariably a disability, but must be analyzed on an individual basis, taking into account the individual's ability to compensate for the impairment).

3

1    Plaintiff alleges that he is "visually impaired." This allegation alone does not
2 establish that he is "disabled" within the meaning of the federal anti-discrimination statutes.
3 Notably, plaintiff does not specify whether his ADA appeal requesting his eyeglasses was
4 granted or how the glasses affect his vision. Ordinarily, "[t]he determination of whether
5 someone is disabled should be made with reference to measures [] that mitigate the
6 individual's impairment." Sutton v. United Airlines, Inc., 527 U.S. 471, 472 (1999) (holding
7 that vision impairment must be assessed when the plaintiffs were wearing their eyeglasses
8 and contact lenses).

9    Further, plaintiff's brief ADA claim appears to involve desiring only that his cell be
10 cleaned. In order to state a cognizable statutory claim based on the denial of this
11 accommodation, plaintiff must describe with greater particularity how his visual impairment
12 substantially limits his major life activities and how the denial prevented him from
13 participating in prison programs or activities or from benefitting from prison services.
14 Because he does not sufficiently allege these elements of a disability discrimination claim,
15 his claim is dismissed with leave to amend. Plaintiff may reassert the claim in an amended
16 complaint if he can in good faith make the necessary allegations.

17    Finally, plaintiff has not named a proper defendant. All of the named defendants
18 appear to be individuals who processed plaintiff's ADA appeals. The proper defendant for
19 an ADA or Rehabilitation Act claim is the "public entity" that discriminated against the
20 plaintiff; individuals may not be sued under the statute or under Section 1983 for violations
21 of the statute. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff
22 cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual
23 capacity to vindicate rights created by Title II of the ADA or section 504 of the
24 Rehabilitation Act."); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)
25 ("Title II provides disabled individuals redress for discrimination by a 'public entity.' See 42
26 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals.
27 See 42 U.S.C. § 12131(1)."). Therefore, plaintiff's ADA claim against the named defendants
28 is DISMISSED. If plaintiff is able to file an amended complaint alleging all of the elements

of an ADA claim, he should name SVSP and/or the California Department of Corrections and Rehabilitation as defendants.

**C.     Motion for Appointment of Counsel**

Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is therefore DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.     Plaintiff's complaint is DISMISSED with leave to amend.

2.     Plaintiff's motion for appointment of counsel is DENIED.

3.     Within **twenty-eight (28)** days from the date of this order, plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 15-2013 MEJ (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**

4.     Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference.

5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the

1 Court informed of any change of address by filing a separate paper with the Clerk headed
2 "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.
3 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
4 Federal Rule of Civil Procedure 41(b).

     6.     The Clerk shall send plaintiff a blank civil rights form along with his copy of this order.

     7.     Plaintiff's motion for appointment of counsel is DENIED.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: September 2, 2015

Maria-Elena James
United States Magistrate Judge