UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TUANJA EDWARD ANDERSON,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, SALINAS VALLEY STATE PRISON

Defendants.

No. C 15-2013 MEJ (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison (SVSP) in Soledad, California filed this *pro se* civil rights action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). On September 3, 2015, the Court reviewed his original complaint and dismissed it with leave to amend. Plaintiff then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.[1]

## BACKGROUND

Plaintiff alleges the following in his amended complaint: Plaintiff is legally blind and uses a tapping cane. His visual impairment makes it difficult for him to clean his cell. In December 2014, he filed an ADA accommodation request, asking for assistance in cleaning his cell. The request was granted, but plaintiff never received assistance. The cell remained dirty until he was eventually moved to a different cell.

Plaintiff also alleges that he "had 3 asthma attacks from December 15, 2014 until February 11, 2015 due to the ADA discrimination." It is unclear if plaintiff attributes the asthma attacks to environmental factors from the unclean cell or from emotional upset that he associates with the prison's refusal to clean his cell.

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. 1 at 7. He subsequently filed a form declining such jurisdiction. Dkt. 5. A party must show "extraordinary circumstances" for withdrawing consent. 28 U.S.C. § 636(c)(4). Plaintiff did not provide any reason for withdrawing his consent, let alone show extraordinary circumstances.

## DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Title II of the ADA, 42 U.S.C.§ 12101 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Although Section 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997). A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or

2

more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C § 12102(1).

Liberally construed, the amended complaint states a claim for a violation of the ADA based on prison officials' refusal to provide reasonable accommodations for plaintiff as a disabled person. See Bragdon v. Abbott, 524 U.S. 624, 638-39 (1998) (citing 45 C.F.R. § 84.3(j)(2)(ii)) (recognizing "caring for oneself" as a major life activity); Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 726 (5th Cir.1995) (defining caring for oneself as including everything from driving and grooming to feeding oneself and cleaning one's home).

The complaint does not allege a claim under 42 U.S.C. § 1983.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the amended complaint with attachments and copies of this order on the following defendants:

-- Jeffrey Beard (Director of California Dept. of Corrections & Rehabilitation)

-- William Muniz (Warden of SVSP)

The Clerk also shall mail a courtesy copy of the amended complaint and a copy of this order to the California Attorney General's Office.

The Clerk is further directed to terminate defendants McKelroy, Hatton, and Williams from the docket in this action for the reasons given in the Court's September 3, 2015 order.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for

3

summary judgment).[2]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

      b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.     Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    3.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

4

summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).[3]

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

DATED: December 9, 2015

Maria-Elena James
United States Magistrate Judge

---

[3] The Rand notice provided herein does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939.