| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| TUANJA EDWARD ANDERSON, <br> Plaintiff, <br> v. <br> CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al., <br> Defendants. | Case No. 15-cv-02013-MEJ <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT** <br><br> Re: Dkt. No. 20 |

Plaintiff, an inmate at the California Institute for Men ("CIM"), filed this *pro se* action alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Defendants have filed a motion to dismiss. Docket No. 20. For the reasons set forth below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART, and Plaintiff is granted leave to file an amended complaint.

## BACKGROUND

### A. Amended Complaint

Plaintiff makes the following allegations in his amended complaint. Plaintiff is vision-impaired, classified as legally blind, and possesses a tapping cane. Docket No. 10 at 3. Because of his limited vision, Plaintiff has trouble reading and writing, and he requires assistance in cleaning his cell. *Id.* On December 15, 2014, Plaintiff filed an ADA Reasonable Accommodation Request Form with Salinas Valley State Prison ("SVSP") requesting assistance. *Id.* Plaintiff does not specify what assistance was requested, but the Court liberally construes the complaint as alleging that Plaintiff requested assistance in cleaning his cell. On December 6, 2015, Plaintiff's ADA request was granted, but Plaintiff never receives the requested assistance and his cell remained dirty until he moved out. *Id.* Between December 15, 2014 and February 11, 2015,

1 Plaintiff suffered from three asthma attacks "due to the ADA discrimination." *Id.* Plaintiff names SVSP and the California Department of Corrections and Rehabilitations ("CDCR") as defendants. *Id.* at 2. Plaintiff requests $600,000 in compensatory damages and a transfer to California Medical Facility.

**B.     December 9, 2015 Order of Service**

On December 9, 2015, the Court found that, liberally construed, the amended complaint stated a claim for an ADA violation based on prison officials' refusal to provide reasonable accommodations for Plaintiff as a disabled person. Docket No. 11 at 3.

**DISCUSSION**

**A.     Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Thus, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555.

In evaluating a Rule 12(b)(6) motion, the issue is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins*, 568 F.3d at 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp.*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability

2

requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Ashcroft*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, a court may consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the court may take judicial notice. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."). "[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (emphasis in original).

"[T]o ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements [,]" the pleadings of *pro se* litigants "are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, a court's "liberal interpretation of a civil rights complaint may not supply essential elements of [a] claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Thus, a *pro se* plaintiff's complaint which offers only "vague and conclusory allegations of official participation in civil rights violations" does not state a claim "sufficient to withstand a motion to dismiss." *Id.*

**B. Analysis**

**I. ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a violation of Title II of ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. *See Lovell v. Chandler*, 303 F.3d

3

1039, 1052 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff must establish intentional discrimination on the part of the public entity. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998) ("compensatory damages are not available under Title II . . . absent a showing of discriminatory intent").

Defendants argue that Plaintiff's ADA claim for monetary damages should be dismissed because Plaintiff has failed to allege facts in his amended complaint showing that Defendants acted with the requisite state of mind. The Court agrees. The amended complaint merely alleges that Plaintiff failed to receive the approved assistance but Plaintiff has failed to plead the factual content that would allow the Court to draw the reasonable inference that the failure was intentional, rather than inadvertent,[1] *see Ashcroft*, 556 U.S. at 678, and the Court may not liberally interpret the complaint to supply essential elements of the claim that were not initially pled, *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure"). The Court therefore GRANTS Defendants' motion to dismiss Plaintiff's ADA claim for monetary damages. However, because it appears possible that Plaintiff may be able to correct the above deficiencies, the Court grants Plaintiff leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (if court determines that pleading could be cured by allegation of other facts, *pro se* litigant entitled to opportunity to amend complaint before dismissal of action).

**II.     Claim for Transfer**

Defendants argue that Plaintiff's claim for transfer should be dismissed for three reasons.

First, Defendants argue that the transfer for claim is moot because Plaintiff has been transferred away from SVSP, citing to *Johnson v. Moore*, 948 F.2d 517 (9th Cir. 1991). However, Plaintiff's transfer to the California Institute for Men does not render his transfer claim moot

---

[1] In his opposition to the motion to dismiss, Plaintiff sets forth additional allegations regarding the ADA discrimination. Docket No. 23 at 3. The Court may not consider Plaintiff's opposition in evaluating the instant motion to dismiss. *Schneider*, 151 F.3d at 1197 n.1.

4

because Plaintiff is not seeking injunctive relief with respect to policies at SVSP. This distinction is clearly set forth in *Johnson v. Moore*. In *Johnson*, the Ninth Circuit found that the prisoner-plaintiff's transfer away from Clallam Bay Corrections Center mooted his claim for injunctive relief from Clallam Bay's smoking policy and its "publishers only" rule's application to softcover books because the prisoner-plaintiff was no longer subjected to those policies. *Johnson*, 948 F.2d at 519; *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).

Second, Defendants argue that Plaintiff's transfer claim is barred by law because a prisoner has no right to incarceration in a prison of his choice. Plaintiff's transfer request is not his legal claim. Plaintiff does not argue that that the ADA entitles him to be transferred to California Medical Facility. Rather, his legal claim is that he failed to receive assistance cleaning his cell, in violation of the ADA and he requests *inter alia* a transfer to California Medical Facility as relief for the ADA violation. It is within the Court's discretion to fashion the appropriate injunctive relief to remedy non-compliance with the ADA, including a housing transfer. *See Milliken v. Bradley*, 433 U.S. 267, 281 (1977) ("'the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies'") (quoting *Swann v. Charlotte–Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) (addressing race discrimination in violation of the U.S. Constitution)); *see also Z Channel Ltd. v. Home Box Office, Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991) (district court's remedy not limited to relief sought in complaint).

Third, Defendants argue that Plaintiff's transfer claim is barred by the ongoing class action suit, *Armstrong v. Brown*, No. C 94-2307 CW (N.D. Cal. filed June 29, 1994). The *Armstrong* class action was brought in federal court on June 29, 1994, on behalf of all present and future California state prisoners and parolees with mobility, sight, hearing, learning, and kidney disabilities that substantially limit one or more of their major life activities. *See* Docket No. 21-1 at 79. The *Armstrong* class action alleged violations of ADA and the Rehabilitation Act ("RA"). *See id*. After finding that defendants violated the ADA and RA, the *Armstrong* court entered a

5

remedial order requiring implementation of the California Department of Corrections and Rehabilitation ("CDCR") disability placement plan, also known as the Armstrong Remedial Plan. *See* Docket No. 21-1 at 5–65.[2] The Armstrong Remedial Plan sets forth the CDCR's policy to provide access to disabled inmates and parolees. *Id.* The Armstrong Remedial Plan also states that no qualified inmate with a disability shall be excluded from CDCR services, programs or activities or subjected to discrimination because of that disability. *Id.* at 10.

On March 21, 2001, the *Armstrong* court issued a permanent injunction order that required the CDCR to implement the following measures: provide at least thirteen accessible beds at the reception center at Deuel Vocational Institute; offer the "Forever Free" or substantially equivalent substance abuse program to disabled female inmates at a designated institution; provides for certain presumptions, privileges, and worktime credits to be extended to inmates who have extended reception center stays; requires the CDCR to maintain in operable working condition structural features and equipment necessary to make the prison's services, programs, and activities accessible to disabled inmates; sets forth a grievance procedure for disabled inmates and parolees; requires the CDCR to provide accessible placement for civil addicts in a Civil Addict Program comparable to that provided to nondisabled civil addicts; must provide at least one Community Correctional Reentry Center in Parole Region IV; and must require its subcontractors to comply with the ADA. Docket No. 21-1 at 70–74. The injunction order also provided that the *Armstrong* court would "retain jurisdiction to enforce the terms of this injunction." *Id.* at 73.

---

[2] The Court GRANTS Defendants' Request for Judicial Notice ("Defs. RJN"). Docket No. 21. A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was pro se litigant, to counter her argument that she deserved special treatment because of her *pro se* status). Accordingly, the Court takes judicial notice of the following orders and plans entered in *Armstrong v. Brown, et al.*, No. C 94-2307 CW (N.D. Cal.): the Court Ordered Remedial Plan Amended, dated January 3, 2001, attached as Exhibit B to Defs. RJN; the Court's Permanent Injunction, dated March 21, 2001, attached as Exhibit C to Defs. RJN; and the Stipulation and Order Amending Plaintiff Class, dated December 24, 1998, attached as Exhibit D to Defs. RJN. A district court may also take judicial notice of the official records of the California Department of Corrections and Rehabilitation. *Brown v. Valoff*, 422 F.3d 926, 931 n.7. Accordingly, the Court takes judicial notice of Plaintiff's External Movements history, attached as Exhibit A to Defs. RJN; and the sections of the California Department of Corrections and Rehabilitation, Department Operations Manual that are attached as Exhibit E to Defs. RJN.

Where a plaintiff is a member in a class action seeking the same relief, a district court may dismiss those portions of the plaintiff's complaint which duplicate the class action's allegations and prayer for relief. *Crawford v. Bell*, 599 F.2d 890, 892–93. (9th Cir. 1979). However, a district court may not dismiss those allegations of a complaint which go beyond the allegations and relief prayed for in the class action. *Id.* at 893. In addition, the Ninth Circuit has recently held that individual claims for injunctive relief are distinct from claims for systemic relief and are not barred by membership in class action litigation. *Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) (applying *Crawford* and holding that an individual inmate's claim for injunctive relief for his individual medical care was not precluded by class action which sought systemic reform relating to same general subject matter).

Plaintiff's allegations that he is vision impaired and classified as legally blind, Docket No. 10 at 3, establish that he is a member of the *Armstrong* class. *See* Docket No. 21-1 at 79. The question, therefore, is whether Plaintiff's allegations and requested relief duplicate *Armstrong*. Plaintiff alleges that Defendants have failed to provide him with assistance in cleaning his cell and seeks transfer to California Medical Facility. Although Defendants have filed a copy of the Armstrong Remedial Plan and permanent injunction entered in *Armstrong v. Brown* on March 21, 2001, they fail to cite to any specific provision in the Armstrong Remedial Plan which would bar Plaintiff's claim under *Pride*, and it is not the Court's duty to wade through the Armstrong Remedial Plan for specific information indicating that Plaintiff's request for relief is duplicative of or addressed conclusively by the Armstrong Remedial Plan. The Court has also reviewed the permanent injunction and nothing in those terms appears to preclude the individualized relief sought by Plaintiff. Accordingly, the Court rejects Defendants' argument that he is entitled to dismissal of Plaintiff's claim for injunctive relief because it is barred by the ongoing *Armstrong v. Brown* ADA class action.

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss Plaintiff's request to transfer to California Medical Facility.

**III.     Defendant Salinas Valley State Prison**

The Court agrees that Defendant Salinas Valley State Prison should be dismissed from this

1 action. SVSP is not a separate legal entity from the CDCR, which is already a named defendant. The Court GRANTS Defendants' motion to dismiss SVSP from this action. SVSP is therefore DISMISSED with prejudice from this action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court DISMISSES with prejudice SVSP from this action. The amended complaint is DISMISSED with leave to amend to address the deficiencies identified above. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 15-02013 MEJ (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present, including the claims or relief which the Court has found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference.

Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: December 1, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge